IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Lee Hewitt, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Penny Bennett, Cynthia E. Green, and Desmond Smith-Thompson, <br><br> Defendants. | C/A No. 6:19-1927-JFA-KFM <br><br><br> **ORDER** |

## I.     INTRODUCTION

Terry Lee Hewitt, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis* brings this action pursuant to 42 U.S.C. § 1983 against Penny Bennett ("Bennett"), Cynthia E. Green ("Green"), and Desmond Smith-Thompson ("Smith-Thompson") (collectively "Defendants"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 78). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

On November 19, 2019, Defendants Green and Smith-Thompson filed a motion for summary judgment. On December 26, 2019, Plaintiff filed a response in opposition to the motion for summary judgment, and Defendants Green and Smith-Thompson filed a reply on December 31, 2019. On February 20, 2020, Defendant Bennett filed a motion to dismiss the amended complaint. On April 10, 2020, Plaintiff filed a response in opposition and thereafter, Defendant Bennett filed a reply on April 17, 2020.

On April 23, 2020, the Magistrate Judge filed the Report and Recommendation ("Report") addressing Defendants' Green's and Smith-Thompson's motion for summary judgment and Defendant Bennett's motion to dismiss. The Magistrate Judge recommends Bennett's motion to dismiss (ECF No. 65) be denied. Additionally, the Magistrate Judge recommends the motion for summary judgment (ECF No. 47) be granted as to Defendant Smith-Thompson and denied as to Defendant Green. Defendant Green timely filed objections (ECF No. 81) to the Report on May 7, 2020, and thus, the Report is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In

the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

3

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. However, a brief recitation of the factual background is necessary to analyze the objections.

Plaintiff, a state prisoner in the custody of the Orangeburg County Detention Center ("OCDC"), makes various claims against OCDC's employees. Plaintiff alleges Defendant Bennett was deliberately indifferent to his medical needs, Defendant Green used excessive force against him by handcuffing him too tight; and Defendant Smith-Thompson failed to protect him from another inmate. Plaintiff's alleged injuries as a result of the allegations include multiple tooth infections, a parasitic infection, extreme pain in his right wrist, and burning eyes. For relief, Plaintiff seeks a "declaration that the acts, omissions described herein violated Plaintiff's rights under the constitution and laws of the United States" and money damages in the amount of $20,000 against each Defendant.

Initially, it should be noted Plaintiff has failed to offer any objections to the Report which recommends dismissal of Defendant Smith-Thompson. The Report recommends granting Defendant Smith-Thompson's motion for summary judgment because Plaintiff has failed to allege he suffered a serious or significant physical or emotional injury resulting from the other inmate's actions or Defendant Smith-Thompson's deliberate indifference thereto. *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010). Because Plaintiff has failed to raise any objections to the Report, this Court is not required to give an explanation for adopting the report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (Holding in the absence of specific objections to portions of the Magistrate's

4

Report, the Court is not required to give an explanation for adopting the recommendation.) Therefore, the Court adopts the Report and grants Defendant Smith-Thompson's motion for summary judgment.

Accordingly, the remaining claims are those against Defendant Bennett for deliberate indifference and against Defendant Green for excessive force. Defendant Bennett filed a motion to dismiss and Defendant Green filed a motion for summary judgment. The Court will address each in turn.

    a. **Defendant Bennett's Motion to Dismiss**

The Court adopts the Report and Recommendation and denies Defendant Bennett's motion to dismiss.

Defendant Bennett argues the amended complaint should be dismissed because Plaintiff failed to comply with the pre-suit requirements for a medical malpractice action as set forth in South Carolina Code §§ 15-79-125 and 15-36-100 et. seq. However, as the Magistrate Judge correctly opined, Plaintiff did not state a claim for medical malpractice, but instead, has alleged that Defendant Bennett was deliberately indifferent to his medical needs and as such, the medical malpractice pre-suit requirements are irrelevant and unnecessary. Plaintiff nor Defendant Bennett raised any objections to the Report.

Therefore, the Court adopts the Report and denies Defendant Bennett's motion to dismiss.

    b. **Defendant Green's Motion for Summary Judgment**

The Court adopts the Report and Recommendation and denies Defendant Green's motion for summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact rests with the moving party. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). Once the moving party presents evidence sufficient to carry its burden under Rule 56, the non-moving party may not rest upon its pleadings, but must affirmatively set forth, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Plaintiff has asserted a claim of excessive force against Defendant Green for allegedly excessively tight handcuffs. Plaintiff alleges that on August 3, 2017, Defendant Green handcuffed him too tightly during a visit with his father. Plaintiff alleges he requested Defendant Green loosen the handcuffs, but she refused. When Plaintiff asked Defendant Green to loosen the handcuffs a second time, Plaintiff asserts Defendant Green refused and made a sarcastic remark about calling his attorney. Plaintiff asserts his handcuffs were too tight for approximately twenty to twenty-five minutes. Plaintiff contends his handcuffs remained too tight until another officer ordered Defendant Green to loosen the handcuffs, which she did.

Defendant Green disputes Plaintiff's allegations. Although she admits Plaintiff complained about the handcuffs and that she made a sarcastic remark, she asserts she asked another officer to check Plaintiff's restraints. The other officer agreed they were too tight

and loosened them. Defendant Green argues that she did not intentionally handcuff Plaintiff too tight and Plaintiff was not seriously injured as a result.

As a result of the tight handcuffs, Plaintiff alleges he suffered extreme pain in his right wrist, scarring tissue, limited mobility in the right wrist, and anxiety.

Plaintiff was a pretrial detainee at the time of the events at issue, and as such, the Due Process Clause of the Fourteenth Amendment governs this claim. The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham V. Connor*, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865 (1989(. To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson,* 576 U.S. 389, 135 S.Ct. 2466, 2473 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." *Id.* In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* Considerations that bear on the reasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id.*

Additionally, relevant to the Court's analysis, another South Carolina district court considered a Fourth Amendment claim for excessively tight handcuffs during an arrest. In *Parson v. Miles*, the court noted when "evaluating an excessive force claim based solely

7

on tight handcuffing" a court may consider "whether (1) the handcuffs were unreasonably tight; (2) the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and (3) the degree of injury to the wrists." C.A. No. 4:17-cv-00708-RBH, 2020 WL 58287 at 5 (D.S.C. Jan. 6, 2020) (quoting *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 194 (4th Cir. 2018).

The Magistrate Judge recommends denying Defendant Green's motion for summary judgment because the following genuine issues of material fact exist: (1) the tightness of the handcuffs; (2) the necessity of the cuffing configuration in the visitation setting presented, regardless of the prison policy, because they caused Plaintiff to experience pain while using the visitation phone; (3) whether Defendant Green intended that Plaintiff continue to suffer by refusing to adjust the handcuffs until another officer intervened; and (4) whether Plaintiff's resulting injuries as documented by the medical records were the result of the excessively tight handcuffs.

Defendant Green filed objections to the Magistrate Judge's Report and Recommendation. First, Defendant Green argues the Magistrate Judge erred in concluding that a genuine issue of material fact existed as to the "necessity of the cuffing configuration in the visitation setting presented, regardless of prison policy, because they caused Plaintiff to experience pain while using the visitation phone." Defendant Green asserts that OCDC policy requires that all inmates are secured with handcuffs at the waist when they are being escorted within and outside the facility. Regardless of whether the cuffing was necessary during visitation, Defendant Green argues she was not free to deviate from OCDC policy. In his response in opposition, Plaintiff asserts the policy does not require a "pre-trial

detainee to be belly chained, with wrist handcuffed" during visits.  The Court finds that a genuine issue of material fact exists as to whether this specific handcuffing configuration was necessary during a visitation.  Therefore, the Court adopts the Report and overrules Defendant Green's objection as to the necessity of the handcuffing configuration used during the visit.

Defendant Green objects that the Magistrate Judge erred in concluding she should not be entitled to qualified immunity. Specifically, Defendant Green argues she did not violate any of Plaintiff's constitutional rights, and further, that no such right was clearly established at the time the conduct occurred.

"To overcome the qualified immunity defense at the summary judgment stage, the plaintiff must have shown facts that make out a violation of a constitutional right, and the right at issue must have been 'clearly establish' at the time of defendant's alleged misconduct." *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017). "The burden of establishing the affirmative defense of qualified immunity rests on the party seeking to invoke it." *Betton v. Belue*, 942 F.3d 184, 191 (4th Cir. 2019).

Initially, the Court notes Defendant Green is not entitled to summary judgment on the first prong of the qualified immunity analysis because there are genuine issues of material fact regarding whether Defendant Green violated Plaintiff's Fourteenth Amendment right to be free from excessive force. "Summary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding the actual conduct of defendants." *See Vathekan v. Prince George's Cty.*, 154 F.3d 173, 180 (4th Cir. 1998). Here, the Report concluded, and the Court agrees there is a genuine issue of material fact

as to whether Defendant Green handcuffed Plaintiff too tight and then refused to loosen the handcuffs even though Plaintiff repeatedly complained.

Defendant Green objects to the Report's findings of a genuine issue of material fact on these grounds. Defendant Green argues that it is undisputed that she adjusted and loosened the handcuffs even though it was not as quickly as Plaintiff wanted. Construing the facts in the light most favorable to Plaintiff, it is disputed as to whether Defendant Green intentionally refused to loosen them and whether they were eventually loosened because another officer had to eventually direct her to loosen them.

Additionally, Defendant Green objects that a genuine issue of material fact exists as to whether Plaintiff was injured by the allegedly excessively tight handcuffs. Defendant Green argues that Plaintiff offered no medical expert testimony on causation and no evidence to establish his alleged injuries were caused by the restraints. Plaintiff alleged he suffered injuries as a result of the tight handcuffs, and he has submitted a copy of his prison medical record to substantiate his claim. *Phillips v. Ray*, 2005 WL 8174377 (D. Md. August 8, 2005) (citing *Carter v. Morris* and holding Plaintiff's claim for excessively tight handcuffs could not survive summary judgment because Plaintiff did not submit evidence to support her claim.). The medical records indicate that Plaintiff's left wrist was swollen, and his right wrist had as scabbed scar on it. Additionally, under "nursing protocol," the nurse noted that it was a "sprain/strain" and advised Plaintiff to limit movement while handcuffed and take Tylenol three times daily. Construing the facts in the light most favorable to Plaintiff, a genuine issue of material fact does exist as to whether Plaintiff's alleged injuries were the result of the allegedly excessively tight handcuffs.

If the facts of this case were undisputed, the Court would proceed by applying the clearly established law to determine whether Defendant Green is entitled to qualified immunity. However, a factual issue critical to the resolution of this issue is contested. "Qualified immunity does not override the ordinary rules applicable to summary judgment proceedings." *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992). "Summary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding the actual conduct of the defendant." *Buonocore v. Harris*, 65 F.3d 347, 359 (4th Cir. 1995).

Here, the parties dispute the alleged conduct at issue. Where a "dispute of material fact precludes a conclusive ruling on qualified immunity at the summary judgment stage, the district court should submit the factual questions to the jury and reserve for itself the legal question of whether the defendant is entitled to qualified immunity on the facts found by the jury." *Willingham v. Crooke*, 412 F.3d 553, 560 (4th Cir. 2005). Accordingly, the parties dispute as to whether Defendant Green excessively tightened the handcuffs and then refused to loosen them is sufficient to preclude ruling on the issue of qualified immunity at this stage.

Therefore, the Court adopts the Report and denies Defendant Green's motion for summary judgment as to Plaintiff's claim for excessive force.

## IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court

adopts the Report and Recommendation (ECF No. 78). Therefore, the motion for summary judgment is granted as to Defendant Smith-Thompson and denied as to Defendant Green. (ECF No. 47). Additionally, Defendant Bennett's motion to dismiss is denied (ECF No. 65). This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

June 22, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge