IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Lee Hewitt, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Penny Bennett and Cynthia E. Green, <br><br> Defendants. | C/A No. 6:19-1927-JFA-KFM <br><br><br> **ORDER** |

## I.     INTRODUCTION

Terry Lee Hewitt, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis* brings this action pursuant to 42 U.S.C. § 1983 against Penny Bennett ("Bennett"), and Cynthia E. Green ("Green")[1]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for pretrial proceedings.

On August 3, 2020, Bennett filed a motion for summary judgment which has since been fully briefed. (ECF No. 94). After reviewing all relevant filings, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report"). (ECF No. 101). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court

---

[1] Defendant Desmond Smith-Thompson was dismissed in a previous order dated June 22, 2020. (ECF No. 83).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

incorporates those facts and standards without a recitation. Within the report, the Magistrate Judge recommends granting Bennett's motion for summary judgment.

Hewitt filed objections the Report on November 9, 2020 (ECF No. 103) and Bennett filed a response thereto on November 24, 2020 (ECF No. 105). Although not authorized by this court's rules, Hewitt also filed a sur-reply on December 2, 2020. (ECF No. 106). Accordingly, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of

arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Because Plaintiff is proceeding *pro se*, the Court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Within the Report, the Magistrate Judge concluded that Plaintiff failed to present a genuine issue of material fact as to his claim that Nurse Penny Bennett was deliberately indifferent to his

medical needs while he was a pretrial detainee at the Orangeburg County Detention Center ("OCDC").

As recounted in the Report:

> Nurse Bennett and another nurse first saw the plaintiff for an OCDC intake medical assessment on May 18, 2017. The plaintiff attests that he told her that he had spent twelve hours submerged in a muddy swamp, half-naked up to his ears, resulting in numerous bug bites and a puncture wound to his hand. He also advised that he had cracked his dental bridge, broken a molar, and had swallowed swamp water that he attributed to intestinal problems, and that he was detoxing from several drugs. Nurse Bennett completed an Intake History & Physical Assessment form, treated and bandaged his puncture wound, and administered a drug screen, which was positive for multiple drug usage. She documented his complaints of tooth pain and a cracked bridge, but upon examination could not identify any cracks, gum inflammation, or oral lesions. She noted no other abnormalities other than the puncture wound. During the drug screen, she completed a Clinical Opiate Withdrawal Scale form, on which she noted the plaintiff could sit still, his pulse rate and pupils were normal, he did not display runny nose or tearing, and that he reported diffuse aching in his muscles/joints. She further attests that based on her notes and recollection, the plaintiff did not complain of, nor did she observe, any rash or bug bites, diarrhea, vomiting, cramps, sour belch, or loss of energy.

(ECF No. 101, p. 2)(internal citations omitted).

Plaintiff goes on to allege that he later sustained an infected molar which was ultimately extracted in January 2018. Within his objections, Plaintiff appears to focus solely on the infected molar as the basis for his deliberate indifference claims. Essentially, Plaintiff avers that Bennett should have ordered further treatment for his tooth immediately after his complaints of pain relayed during his initial intake. Plaintiff alleges that Bennett's failure to act caused continued pain, infections, and later extraction. These objections are essentially a rehashing of those arguments originally presented to the Magistrate Judge in opposition to Bennett's motion for summary judgment. As with the motion for summary judgment, Plaintiff's objections again fail to present a genuine issue of material fact which would warrant any amendment or modification to the Report.

As stated in the Report, "Nurse Bennett and another nurse examined the plaintiff's mouth at intake on May 18th and saw no cracks, gum inflammation, or oral lesions. There is no record evidence that she was made aware that the plaintiff had ongoing dental issues at any time through August 29, 2017, when she resigned her position at OCDC." (ECF No. 101, p. 7). Although Plaintiff asserts that his inner cheek/back gum was swollen near the subject tooth, Plaintiff has provided no support that Bennett was or should have been aware of a "serious medical condition."

To prove a claim of deliberate indifference under § 1983, Plaintiff must show "that the defendants actually knew of and disregarded a substantial risk of serious injury to [him] or that they actually knew of and ignored [his] serious need for medical care." *Young v. City of Mount Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001).[3] Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve,* 535 F.3d 225, 241 (4th Cir.2008). The deliberate indifference prong is met where an officer "knows of and disregards the risk posed by the serious medical needs of the inmate." *Id.*

Further, negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n. 3 (1986). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

---

[3] The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment-deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner the treatment of his choice. *Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D.Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975).

Here, nothing in the record indicates that Plaintiff was suffering from a serious medical condition at the time of his intake. Plaintiff's suggestion that his gums may have been swollen at the time Bennett and a second nurse inspected his mouth, even if true, does not show that he was suffering from a medical need that had been diagnosed by a physician as mandating treatment or was so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Additionally, Plaintiff has presented no evidence indicating that Bennett was aware of any later complaints of an infected tooth or later need for extraction. Plaintiff's reassertion of his previous arguments fails to show any error in the Report. Accordingly, Plaintiff has failed to present a genuine issue of material fact as to whether Bennett was deliberately indifferent to a serious medical need. Thus, Plaintiff's objections must be overruled.

### IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the

Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 101). Consequently, Bennett's motion for summary judgment (ECF No. 94) is granted and Bennett is dismissed from this action.

Further, this action is recommitted back to the Magistrate Judge for further proceedings on the remaining claims.

IT IS SO ORDERED.

January 19, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge